UNITED STATES DISTRICT COURT
*for the*
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SNAPTAGZ, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENNAN O'LEARY; DAN HALL; JOHN NIERMANN; THE COZMIX COLLECTIVE; AND, JON DOES 1-10 (FICTITIOUSLY NAMED),<br><br>  Defendant. | Civil Action No. 12-CIV-1189<br><br>Hon. George B. Daniels, U.S.D.J. |

### PLAINTIFF'S INITIAL PRETRIAL CONFERENCE CHECKLIST

Plaintiff, Snaptagz, LLC, hereby submits the following Initial Pretrial Conference Checklist in connection with Standing Order M10-468:

1. Possible limitations on document preservation (including electronically stored information)

    **None.**

2. Appropriateness of initial disclosures pursuant to Rule 26(a)(1)

    a. Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?

    **Initial disclosures pursuant to Rule 26(a)(1) are appropriate. In addition, plaintiff requests that defendants produce all documents concerning the formation of The Cosmix Collective and the Infringing Goods immediately.**

3. Possibility of a stay or limitation of discovery pending a dispositive motion.

    **Plaintiff does not anticipate filing a dispositive motion prior to the completion of discovery.**

4. Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters.

**As a general proposition, plaintiff does not have any objection to such coordination.**

5. Preliminary issues that are likely to arise that will require court intervention.

**Plaintiff would like the Court to inquire as to whether defendants have any plans to sell or market the Infringing Goods in the United States. If so, plaintiff will seek an injunction.**

6. Discovery issues that are envisioned and how discovery disputes will be resolved

**It is anticipated that one, or both, parties will assert that the intellectual property in question is confidential. Plaintiff has no objection to entering into an appropriate confidentiality order. It is anticipated that discovery disputes would be addressed by the Magistrate Judge if the Court feels that such a procedure is satisfactory.**

7. Proposed discovery including:

   a. limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions)

   **None.**

   b. limitations on scope of discovery

   **None.**

   c. limitations on timing and sequence of discovery

   **None.**

   d. limitations on restoration of electronically-stored information

   **None.**

   e. agreement to allow depositions of trial witnesses named if not already deposed

   **There is no such agreement at this time. Plaintiff is available to discuss the witnesses whom this condition might apply to.**

   f. preservation depositions

   **None anticipated**

   g. foreign discovery and issues anticipated

   **None. Mr. O'Brien has submitted himself generally to the jurisdiction of this Court.**

2

8. Schedule (as appropriate and possibly excluding public agency cases) including:

   a. date(s) for completion of discovery

   **Plaintiff proposes October 31, 2012.**

   b. date(s) for dispositive motions

   **Plaintiff proposes that motions be filed by November 30, 2012.**

   c. date(s) for exchange for expert reports

   **Plaintiff proposes a simultaneous exchange on October 31, 2012, with a simultaneous service of rebuttals on November 30, 2012.**

   d. date(s) for exchange of witness lists

   **To be determined based upon trial date.**

   e. date(s) for Joint Preliminary Trial Reports and Final Joint Trial Reports

   **To be determined based upon trial date.**

   f. date for Case Management Conference

   **It is requested that a Case Management Conference be held approximately sixty (60) days from May 17, 2012.**

9. Issues to be tried

   a. ways in which issues can be narrowed to make trial more meaningful and efficient

   **To be determined at Case Management Conference.**

   b. whether there are certain issues as to which a mini-trial would be helpful

   **To be determined at Case Management Conference.**

10. Bifurcation

    **Plaintiff proposes an all issues trial at this time.**

11. Class certification issues

    **None.**

12. ADR/mediation

   **Plaintiff has suggested that the parties meet in person, in New York City, to discuss the possible resolution of this matter. Plaintiff has also requested that defendants provide a sample of the alleged Infringing Goods. Defendants have refused to meet and have refused to provide the requested sample.**

13. Possibility of consent to trial before a Magistrate Judge

   **Plaintiff is discussing this issue with their clients and is not prepared to consent at this time.**

14. Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments

   **Plaintiff does not believe that additional parties are expected to be added. Plaintiff does not know, at this time, whether any other amendment would be necessary ending discovery in this matter.**

15. Joinder of additional parties, and the likelihood and timing of joinder of additional parties

   **Please see response to 14 above.**

16. Expert witnesses (including necessity or waiver of expert depositions)

   **It is anticipated that plaintiff will have experts address issues of infringement.**

17. Damages (computation issues and timing of damages discovery)

   **Plaintiff requests that damage discovery proceed contemporaneously with fact discovery.**

18. Final pretrial order (including possibility of waiver of order)

   **To be determined based upon trial date.**

19. Possible trial-ready date

   **Plaintiff anticipates being trial ready in December 2012.**

20. Court logistics and mechanics (e.g. communications with the court, streamlined motion practice, pre-motion conferences, etc.)

   **Plaintiff proposes that the parties abide by the individual practices of Judge Daniels.**

21. The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel.

   **To be addressed with the Court during the Rule 16 Conference.**

Dated: May 15, 2012

                                 **MENDES & MOUNT, LLP**
                                 Attorneys for the Plaintiff

By:   _____
       John M. Deitch, Esq. (JD5221)
       MENDES & MOUNT, LLP
       One Newark Center, 19th Floor
       Newark, New Jersey, 07102
       (973) 639-7300